UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CESARE GARCIA-MARTINEZ, : | |
| : | |
| Plaintiff, : | Civil Action No. 11-6829 (SRC) |
| : | |
| v. : | |
| : | **OPINION & ORDER** |
| V. PUZINO DAIRY, INC. et al., : | |
| : | |
| Defendants. : | |

**CHESLER**, U.S.D.J.

This matter comes before the Court on the motion for entry of default judgment (Docket Entry No. 32), pursuant to Federal Rule of Civil Procedure 55(b)(2), by Plaintiff Cesare Garcia-Martinez. In brief, Plaintiff seeks entry of judgment by default as to Defendants V. Puzino Dairy, Inc. (the "Dairy") and Craig Puzino ("Mr. Puzino"). The motion for entry of default judgment will be granted in part and denied in part.

Both Defendants have appeared in this case, and they filed an Answer on January 30, 2012. Subsequently, Defendants' counsel moved to withdraw from the case, and the motion to withdraw was granted on May 28, 2013, with the Dairy given 30 days to retain new counsel. No new counsel has appeared. On August 20, 2013, Magistrate Judge Waldor issued an Order to show cause, directing Defendants to appear and show cause why default judgment should not be entered against them for failure to comply with the Court's Orders. A minute entry on the docket indicates that a show cause hearing was held on October 24, 2013, and that Magistrate Judge Waldor "entered a violation of the Court Order on the record."

This Court is satisfied that judgment by default should be entered against the Dairy, but not against the individual Defendant, Mr. Puzino. It is well-established that "a corporation may appear in the federal courts only through licensed counsel." Rowland v. California Men's Colony, 506 U.S. 194, 202 (1993). A corporation which has been Ordered to abide by this rule and which has refused to comply is in default. As such, the Clerk of the Court properly made an entry of default against the Dairy on February 6, 2014.

On a motion for default judgment, the well-pleaded facts in the Complaint are accepted as true. "A consequence of the entry of a default judgment is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990). Damages must still be proven.

Because the Dairy has defaulted, this Court finds that the allegations in the Complaint as to liability for violations of the Fair Labor Standards Act and the New Jersey Wage and Hour Law are determined to be true. The motion for default judgment will be granted to the extent that a Judgment by default in favor of Plaintiff and against the Dairy shall be entered.

This leaves only the question of damages. Plaintiff has submitted an affidavit which provides a "general" range of hours worked. Under New Jersey law, contract damages must be proven "to a reasonable degree of certainty." Lightning Lube v. Witco Corp., 4 F.3d 1153, 1176 (3d Cir. 1993). Plaintiff has not yet met this standard, and the question of damages shall be referred to Magistrate Judge Waldor for determination at a proof hearing. Both the corporation and the individual defendant must receive notice of the proof hearing.

As to Mr. Puzino, however, the motion for default judgment will be denied. It is not clear from the present record that Mr. Puzino has, in fact, defaulted. If Plaintiff decides to further

pursue a default judgment against Mr. Puzino, he may present the issue to Magistrate Judge Waldor for issuance of a Report & Recommendation.  Given that the action against Mr. Puzino has not been concluded, the Judgment against the Dairy which shall be entered shall not be considered final and executable; for it to become so, the action against Mr. Puzino must be resolved.

For these reasons,

**IT IS** on this 12th day of March, 2014,

**ORDERED** that Plaintiffs' motion for entry of default judgment (Docket Entry No. 32), pursuant to Federal Rule of Civil Procedure 55(b)(2), is **GRANTED** in part and **DENIED** in part, and Judgment by default in favor of Plaintiff is hereby entered against Defendant V. Puzino Dairy, Inc.; and it is further

**ORDERED** that the matter of judgment damages shall be referred to Magistrate Judge Waldor for a proof hearing; and it is further

**ORDERED** that, as to Defendant Craig Puzino, the motion for default judgment is **DENIED**.

                                                                s/ Stanley R. Chesler
                                                   Stanley R. Chesler, U.S.D.J.