NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CESARE GARCIA-MARTINEZ,<br><br>    Plaintiff,<br><br>    vs.<br><br>V. PUZINO DAIRY, INC., d/b/a Puzino Dairy, and CRAIG PUZINO, an individual,<br><br>    Defendants. | Civil Action No. 11-cv-6829 (SRC)(CLW)<br><br>**REPORT AND RECOMMENDATION** |

**WALDOR, Magistrate Judge,**

    The Honorable Stanley R. Chesler, U.S.D.J. referred this matter to this Court for the purpose of conducting an evidentiary hearing pursuant to Fed. R. Civ. P. 55(b)(2) and issuing a report and recommendation regarding the quantum of damages claimed by the Plaintiff in this action. This Court having now held a Proof Hearing (the "Hearing") on October 20, 2013 regarding the issue of damages, now provides the following report and recommendation.

**I. Background**

    This matter was filed by Cesare Garcia-Martinez ("Plaintiff") alleging violations of the Fair Labor Standards Act ("FLSA") and the New Jersey Wage and Hour Law ("NJWHL"). As alleged in his brief, the Plaintiff worked for V. Puzino Dairy Inc., d/b/a Puzino Dairy, and Craig Puzino (together "Defendants") as a local, intrastate delivery driver for Defendants' dairy from March 2010 to September 2010. The Plaintiff has asserted that Defendants failed to pay him at

least time and one half for all hours that he worked in excess of 40 per workweek during this period.

**II. Discussion**

Where a Court has determined defendant to be in default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2688, at 58 (1998); *see also Thompson v. Wooster*, 114 U.S. 104, 111 (1885) (holding "[t]he bill, when confessed by the default of the defendant, is taken to be true in all matters alleged with sufficient certainty . . . ."); *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). The plaintiffs bear the burden of proving that they are entitled to recover damages. *Rochez Bros., Inc. v. Rhoades*, 527 F.2d 891, 894 (3d Cir. 1975). In the context of a damages hearing, the Court may proceed by live testimony or affidavit. *International Longshoreman's Ass'n AFL-CIO v. Spear, Wilderman, Borish, Endy, Spear & Runckel*, 995 F. Supp. 564, 573 (E.D. Pa. 1998) (noting that a motion for default judgment can be resolved via affidavit or other appropriate evidence); *see also Durant v. Husband*, 28 F. 3d 12, 15 (3d Cir. 1994) (stating that if necessary "to determine the amount of damages . . ." the court may conduct a hearing). Regardless of the form in which the proof is offered, the Court must be satisfied by a preponderance of the evidence that damages should be awarded. *Armstrong v. Burdette Tomlin Mem'l Hosp.*, 276 F. Supp.2d 264, 269 (D.N.J. 2003); *Mate v. American Brands, Inc.,* 1990 WL 69177 *3 (D.N.J. 1990); United States v. Local 560, 581 F. Supp. 279, 327 (D.N.J. 1984).

i.      **Compensation Under FLSA, NJ Wage and Hour Act and NJ State Law**

The Plaintiff argues that under the FLSA and New Jersey state law, employers must pay truck drivers one and a half times the minimum wage for all hours worked in excess of forty (40) per workweek. *See In re Matter of Raymour and Flanigan Furniture, and Neil Goldberg*, 405 N.J. Super. 367 (2009) (citing regulation requiring overtime pay for truck drivers in New Jersey).

As the Plaintiff has previously argued, and as supported by his affidavit submitted in support of this application, he generally worked from 4:00am to 4:00pm, Monday through Saturday, totaling approximately 55-72 hours per week. In addition the Plaintiff argues that to the extent he took breaks during his shifts, these breaks generally only ranged from 5 to 20 minutes.

Based on these statistics, the Plaintiff argues that he is entitled to pay for an average of 25 overtime hours per week.

ii.     **Liquidated Damages**

Under the FLSA, an employee who sues for unpaid overtime compensation is generally entitled to actual damages incurred and liquidated damages, doubling the recovery. 29 USC § 216(b). To defeat such a claim for liquidated damages, when the employer demonstrates to the satisfaction of the court that the act or omission giving rise to such action was in good faith and the employer had reasonable grounds for believing that his act or omission was not a violation of the law, the court may, in its sound discretion, award no liquidated damages or award a smaller amount of liquidated damages. 29 USC § 260. "A defendant employer's burden of proof is a difficult one to meet. Double damages are the norm, single damages the exception." *Martin v. Cooper Elec. Supply Co.*, 940 F.2d 896, 908 (3d Cir.1991). As Defendants have presented no

evidence regarding any good faith attempt to comply with the law, this Court must award double damages.

### iii.  Recommended Award

At the Hearing, the Plaintiff effectively established that he received paychecks of $600.00 per week.  Following the presumption that a fixed amount of pay for a workweek relates to a 40 hour work week, by dividing the Plaintiffs $600.00 weekly pay by 40, we are left with an hourly rate of $15.00.  1.5 times that hourly rate provides an overtime hourly rate of $22.50.  As the Plaintiff argues for the purposes of computing an award that he worked 25 overtime hours a week for the 25 weeks of his employment, his unpaid overtime compensation can be calculated by multiplying the $22.50 overtime hourly rate by 25 hours by 25 weeks.  This results in the Plaintiff being owed $14,062.50 in overtime wages by virtue of the New Jersey Wage and Hour Law.  When doubled to account for liquidated damages, the Plaintiff's recommended recoverable back pay stands at $28,125.00.

Next the Court will consider Counsel's request for attorney's fees.

### A.  Attorney's Fees and Costs

#### i.  Reasonableness of Hourly Rate

To determine whether the petitioner's rate is reasonable, a court must look to the prevailing market rates of the relevant community for legal services of the same character performed by attorneys of comparable skill and experience.  *Blum v. Stenson*, 465 U.S. 886, 896 & n.11 (1984*); Student Public Research Group v. AT&T Bell Labs*, 842 F.2d 1436, 1448 (3d Cir. 1988).

Plaintiffs submit the affidavit Abram I. Bohrer, listing an hourly rate of $400 for Mr. Bohrer, and $300 for Ms. Melissa Bohrer.  The reason why these rates are appropriate is clear.  First, they are commensurate with comparable cases.  Second, Mr. Bohrer has practiced in the field of civil litigation for 23 years, having focused his practice on several areas of the law, specifically including employment litigation.  Given the expertise of these attorneys and the fact that the rate appears to be similar to rates of attorneys performing similar services in similar cases, the Court finds the current hourly rate of $400 for Mr. Bohrer and $300 for Ms. Bohrer to be reasonable within the prevailing legal market of Northern New Jersey for plaintiffs' attorney's experience and recommends approval of the hourly rate of $400 for Mr. Bohrer and $300 for Ms. Bohrer.

### ii.     Reasonableness of Time Expended

Pursuant to the lodestar analysis, "time expended is considered 'reasonable' if the work performed was 'useful and of a type ordinarily necessary' to secure the final result obtained from the litigation."  *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 560-561 (1986).  Here, plaintiffs seek recovery for 32.5 hours of attorneys' work performed on this case by Mr. Bohrer and 3.5 hours of work performed by Ms. Bohrer.  A review of the detailed billing record shows that the services rendered and the amount of time spent on the various tasks was appropriate and reasonable.

The total amount of fees sought is $400 multiplied by 32.5 hours added to $300 multiplied by 3.5 hours, which equals fees totaling $14,050.00.  Counsel also seeks $744.90 for reasonable litigation costs.  Therefore this Court recommends that the United States District Judge award fees of $14,794.90 against the Defendants.

### III. Conclusion

For all of the foregoing reasons, this Court recommends that the District Judge enter default judgment against defendant in the amount of $ 42,944.90.

| | |
|---|---|
| FLSA and NJ Wage Law Overtime: | $ 28,150.00 |
| Counsel Fees: | $ 14,794.90 |
| Total: | $ 42,944.90 |

The parties have 10 days to file and serve objections to this report and recommendation pursuant to Local Rule 72.1(c)(2) from the date the transcript is filed with the Clerk of the Court.

**SO ORDERED**

**Dated:** December 11, 2014

s/ Cathy L. Waldor
**CATHY L. WALDOR**
**UNITED STATES MAGISTRATE JUDGE**
