UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CESARE GARCIA-MARTINEZ, | |
| Plaintiff, | Civil Action No. 11-6829 (SRC) |
| v. | |
| | **OPINION & ORDER** |
| V. PUZINO DAIRY, INC. et al., | |
| Defendants. | |

**CHESLER**, **U.S.D.J.**

   This matter comes before the Court on the motion for entry of default judgment (Docket Entry No. 39), pursuant to Federal Rule of Civil Procedure 55(b)(2), by Plaintiff Cesare Garcia-Martinez.  In brief, Plaintiff seeks entry of judgment by default as to Defendant Craig Puzino ("Mr. Puzino").  The motion for entry of default judgment will be denied.

   Both Mr. Puzino and Defendant V. Puzino Dairy, Inc. (the "Dairy") have appeared in this case, and they filed an Answer on January 30, 2012.  Subsequently, Defendants' counsel moved to withdraw from the case, and the motion to withdraw was granted on May 28, 2013, with the Dairy given 30 days to retain new counsel.  No new counsel has appeared.  On August 20, 2013, Magistrate Judge Waldor issued an Order to show cause, directing Defendants to appear and show cause why default judgment should not be entered against them for failure to comply with the Court's Orders.  A minute entry on the docket indicates that a show cause hearing was held on October 24, 2013, and that Magistrate Judge Waldor "entered a violation of the Court Order on the record."

   Plaintiff moved for default judgment against both Defendants on December 5, 2013.  On

March 12, 2014, this Court granted the motion for default judgment as to the Dairy, but denied the motion as to Mr. Puzino.  In granting the motion for default judgment against the corporate Defendant, but not the individual, the Court noted that a corporation cannot appear in federal court without an attorney, and that, by failing to retain an attorney, as ordered by Magistrate Judge Waldor, the corporation had necessarily defaulted.

Mr. Puzino, however, has a right as an individual to represent himself *pro se*.  As stated above, the record before this Court at the time of Plaintiff's prior application for default judgment indicated only that Magistrate Judge Waldor had "entered a violation of the Court Order on the record."  There was, and is, no record before this Court of any further effort to get Mr. Puzino to participate in the litigation, provide discovery, or submit to a deposition.  This Court had previously directed Plaintiff to present the matter to Magistrate Judge Waldor so that a full record, pursuant to Poulis v. State Farm, could be evaluated by both Magistrate Judge Waldor and this Court.

Plaintiff has failed to pursue that avenue, and the record at this point is inadequate to demonstrate that default judgment should be granted pursuant to Poulis.  The motion for default judgment will be denied.

For these reasons,

**IT IS** on this 8th day of January, 2015,

**ORDERED** that Plaintiffs' motion for entry of default judgment (Docket Entry No. 39), pursuant to Federal Rule of Civil Procedure 55(b)(2), is **DENIED**.

                                                                         s/ Stanley R. Chesler
                                                                     Stanley R. Chesler, U.S.D.J.